IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAWN M. MANN                                                                       PLAINTIFF

v.                                           CIVIL NO. 14-5360

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Dawn M. Mann, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on May 8, 2012, alleging an inability to work since March 1, 2012, due to left foot problems, back problems, mental health issues, and obesity. (Tr. 150, 157). An administrative video hearing was held on August 9, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 35-63).

By written decision dated January 10, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: a disorder of

1

the ankle, obesity, a disorder of the shoulder, and a disorder of the back.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 17).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally climb, balance, kneel, stoop, crouch, crawl and reach overhead.

(Tr. 17).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a jewelry assembler, an order clerk, and a credit card clerk.  (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional medical evidence submitted by Plaintiff, denied that request on September 23, 2014.  (Tr. 1-4).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 10, 11).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age,

education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**IV.   Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in determining Plaintiff's severe impairments; 2) the ALJ failed to consider all of Plaintiff's impairments in combination; 3) the ALJ erred in finding that Plaintiff did not meet or equal the requirements of Listings 1.02, 1.03, 1.04, and/or 1.06; 4) the ALJ erred in determining Plaintiff's RFC and erred in not adhering to the treating physician rule; and 5) and the ALJ erred in determining Plaintiff could perform other work.

**A.   Severe Impairments:**

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant, however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000).

While the ALJ did not find Plaintiff's alleged mental impairments were severe impairments, the ALJ specifically discussed the alleged impairments in the decision, and clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir. 2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC

4

based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). Thus, the ALJ's finding that Plaintiff's alleged mental impairments were not "severe" impairments does not constitute reversible error.

### B. Combination of Impairments:

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

### C. Evaluation of the Listed Impairment 1.02, 1.03, 1.04, and 1.06:

The burden of proof is on the Plaintiff to establish that her impairment meets or equals a listing. See Sullivan v. Zebley, 493 U.S. 521, 530-31, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). To meet a listing, an impairment must meet all of the listing's specified criteria. Id. at 530, 110 S.Ct. 885 ("An impairment that manifests only some of these criteria, no matter how severely, does not qualify."); Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004). "Medical equivalence must be based on medical findings." 20 C.F.R. § 416.926(b) (2003); Sullivan, 493

5

U.S. at 531 ("a claimant ... must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment"). In this case, the ALJ found the medical evidence does not show medical findings that are the same or equivalent to a listed impairment.

The Court finds, based upon the record as a whole Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Accordingly, the Court finds there is sufficient evidence to support the ALJ's determination that Plaintiff's impairments do not medically equal a Listing.

### D. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that Plaintiff was repeatedly noted as able to perform activities of daily living without assistance. (Tr. 596, 615, 625, 632, 640, 648, 654, 665). The record also reveals that she was able to help take care of her son, to shop for short periods of time, to prepare simple

6

meals, to do some housework in intervals, to drive short distances, and to watch television. Medical records also reveal that during the relevant time period, Plaintiff sought treatment for pain after moving a couch, and falling from a counter while painting a kitchen. (Tr. 386, 653).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### E. ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable

clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted).  An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform sedentary work with limitations.  The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, including the opinions of Drs. Susan Taylor, Ted Honghiran, Jim Takach, and Valeria Malak, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Dr. Taylor, Plaintiff's treating physician, completed Transitional Employment Assistance Program form and a Medical Assessment form on July 11, 2013, and July 25, 2013, respectively, indicating Plaintiff could perform less than sedentary work. (Tr. 743, 745). After reviewing the record, the Court finds substantial evidence to support the ALJ's determination that Dr. Taylor's assessments were inconsistent with her treatment notes, as well as the record

8

as a whole.  Perkins v. Astrue, 648 F.3d 892, 899 (8th Cir. 2011) (it is permissible for ALJ to discount opinion that is inconsistent with physician's own treatment notes).  With respect to these treatment notes, Plaintiff was examined by Dr. Taylor on both July 11, 2013, and July 25, 2013, and treatment notes from these dates, as well as the remaining treatment notes, fail to show that Plaintiff was as limited as expressed in the assessments.

With respect to Dr. Honghiran's consultative evaluation, the ALJ set forth the reasoning for the weight given to this assessment, and after reviewing the entire record the Court finds substantial evidence to support the ALJ.  The ALJ also took Plaintiff's obesity into account when determining that Plaintiff could perform sedentary work with limitations.  Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal).  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### F.     Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole.  Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a jewelry assembler, an order clerk, and a credit card clerk.  Pickney v. Chater, 96 F.3d 294, 296 (8th

Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 12th day of January, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE